IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MINDBRIDGE.COM, INC. d/b/a MINDBRIDGE SOFTWARE | : CIVIL ACTION<br>: NO. 06-4985 |
| v. | : |
| SCOTT V. TESTA | : |
| O'NEILL, J. | : JULY 19, 2007 |

**<u>MEMORANDUM</u>**

Plaintiff Mindbridge.com, Inc. filed a complaint against defendant Scott V. Testa alleging Lanham Act violations, breach of fiduciary duty, conversion, tortious interference with contractual relations and misappropriation of trade secrets. Defendant filed a counterclaim alleging civil conspiracy to commit theft by extortion. Before me now is plaintiff's motion to dismiss the counterclaim pursuant to Fed. R. Civ. P. 12(b)(6) and defendant's response thereto.

<u>BACKGROUND</u>

Plaintiff Mindbridge.com, Inc. d/b/a Mindbridge Software is a Pennsylvania corporation that offers its clients various software and intranet packages to help with enterprise-level document management, web content management, group collaboration and content search and retrieval. In addition, Mindbridge offers maintenance support and training to clients for all of its products and offers professional services for product customization and integration. Defendant Testa was an officer and director of Mindbridge from its inception in 1996 through the period in which the events giving rise to this suit took place.

Testa was employed as the Chief Operating Officer of Mindbridge and he controlled its financial records and transactions. Testa allegedly deposited two unauthorized Mindbridge checks totaling $60,000 into his personal account in early August 2006. At the same time Testa was allegedly removing company property from the Mindbridge office also without being authorized to do so. On or after August 14, 2006, the unauthorized checks and misappropriated property were discovered by Mindbridge, resulting in Testa's termination at an emergency shareholder's meeting held on August 31, 2006. Subsequently, Mindbridge reviewed its financial records from years past, finding that Testa had made repeated unauthorized withdrawals of company funds totaling $477,264 dating back to 2002.

Following Testa's termination by the company, he invited Mindbridge to buy out his thirty-one percent share in the company. In response to this invitation and to Testa's alleged transgressions, Mindbridge officers Puckette and Christian advised Testa that he must forgive the $300,000 debt owed to him by Mindbridge, sell his remaining shares for $50,000, release $10,000 held in a Commerce Bank account, and resign from the board of directors or else Mindbridge would file criminal charges and a civil action against him, and would report his financial improprieties to the I.R.S. Testa refused to comply with the requests made by Mindbridge. Subsequently, this civil action was filed, along with criminal charges with have been since dismissed. Testa alleges in his counterclaim that this email message constitutes attempted theft by extortion in violation of 18 Pa. Cons. Stat. § 3923.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss all or part of an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a 12(b)(6) motion, I must accept as true all well-pleaded allegations of fact, and any reasonable inferences that may be drawn therefrom, in plaintiff's complaint and must determine whether "under any reasonable reading of the pleadings, plaintiffs may be entitled to relief." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (citations omitted). Nevertheless, in evaluating plaintiffs' pleadings I will not credit any "bald assertions." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429 (3d Cir. 1997). Nor will I accept as true legal conclusions or unwarranted factual inferences. Bell Atl. Corp. v. Twombly, 2007 U.S. LEXIS 5901, at *21 (May 21, 2007).

"Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all of the complaint's allegations are true." Id. at *21-22. "The complaint will be deemed to have alleged sufficient facts if it adequately put defendant on notice of the essential elements of the plaintiff[s'] cause of action." Nami, 82 F.3d at 65. "It is black-letter law that [a] motion to dismiss for failure to state a claim . . . is to be evaluated only on the pleadings." Mele v. Fed. Reserve Bank of N.Y., 359 F.3d 251, 257 (3d Cir. 2004), citing A.D. Bedell Wholesale Co. v. Philip Morris, Inc., 263 F.3d 239, 266 (3d Cir. 2001).

When considering a Rule 12(b)(6) motion, I do not "inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims." Nami, 82 F.3d at 65, citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Thus, a Rule 12(b)(6) motion may be granted only if plaintiffs "can prove no set of facts that would entitle them to relief." Nami, 82 F.3d at 65.

Federal Rule of Civil Procedure 8(a) requires that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "A complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." Bell Atl. Corp., 2007 U.S. LEXIS 5901, at *21. Factual allegations in the complaint must merely "be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Id.

## DISCUSSION

A cause of action for civil conspiracy under Pennsylvania law requires that two or more persons combine or agree to commit a tortious act or to do an otherwise lawful act by tortious means.[1] Baker v. Rangos, 324 A.2d 498, 506 (Pa. Super. Ct. 1974). The parties agree that "absent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act." Pelagatti v. Cohen, 536 A. 2d 1337, 1342 (Pa. Super. Ct. 1987). The only issue presented by plaintiff's motion to dismiss is whether the email constitutes an actionable tort under Pennsylvania law. In his response brief, defendant contends that the alleged facts constitute the tort of conversion and does not assert that the facts constitute any other cause of action. Accordingly, conversion is the only cause of action I will consider for the purpose of the pending motion.

The Pennsylvania Supreme Court has set forth the elements of conversion:

> Salmond defines conversion as an act of willful interference with a chattel, done without lawful justification, by which any person entitled thereto is deprived of use and possession. Salmond, Torts (10th ed. 1945) at 286. Prosser describes the following ways in which a conversion can be committed: "(a) Acquiring

---

[1] The briefs do not raise the issue of whether the email is rightly characterized as an act done "by two or more persons" under Pennsylvania conspiracy law when the email is from officers of the same corporation.

4

possession of the goods, with an intent to assert a right to them which is in fact adverse to that of the owner. (b) Transferring the goods in a manner which deprives the owner of control. (c) Unreasonably withholding possession from one who has the right to it. (d) Seriously damaging or misusing the chattel in defiance of the owner's rights." Prosser, Torts, § 15 (2d ed. 1955).

Norriton East Realty Corp. v. Central-Penn National Bank, 254 A.2d 637, 638 (Pa. 1969). The Court of Appeals has held that liability for the civil conspiracy claim is impossible without liability for the underlying tort claim; "since liability for civil conspiracy depends on performance of some underlying tortious act, the conspiracy is not independently actionable; rather, it is a means for establishing vicarious liability for the underlying tort." Boyanowski v. Capital Area Intermediate Unit, 215 F.3d 396, 407 (3d. Cir. 2000), quoting Halberstam v. Welch, 705 F.2d 472, 479 (D.C. Cir. 1983).

Defendant's counterclaim and response brief fail to demonstrate the required elements of conversion as defined above. Specifically, the allegations do not satisfy the requirements of conversion as defined by the Pennsylvania Supreme Court because by refusing to accede to the so-called extortionate demands made by plaintiff defendant does not allege that he was actually deprived of use and possession of any chattel. Similarly, the alleged facts do not fit any of Prosser's four ways in which conversion can be committed since defendant does not allege in his counterclaim that plaintiffs ever acquired possession of any goods, transferred any goods, unreasonably withheld possession of any goods from defendant, or seriously damaged or misused any chattel in defiance of defendant's rights.

Therefore, the allegations in the pleadings do not establish the underlying tort of conversion. Because the elements of the alleged underlying tort have not been sufficiently pled, I will dismiss defendant's counterclaim for civil conspiracy.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MINDBRIDGE.COM, INC. | : | CIVIL ACTION |
| | : | NO. 06-4985 |
| v. | : | |
| SCOTT V. TESTA | : | |

**<u>ORDER</u>**

AND NOW, this 19th day of July 2007, upon consideration of plaintiff's motion to dismiss counterclaim and defendant's response, and for the reasons set forth in the accompanying memorandum, plaintiff's motion to dismiss defendant's counterclaim is GRANTED.

s/Thomas N. O'Neill, Jr.<br>
THOMAS N. O'NEILL, JR., J.